Greenan *v.* Ernst, Appellant.

Argued March 17, 1958.  Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

reargument refused July 9, 1958.

322

*Elder W. Marshall* and *James A. Deckop,* with them *Leonard L. Scheinholtz, J. Tomlinson Fort, James D. Wolfe, E. G. Potter, William F. Higie,* and *Reed, Smith, Shaw & McClay, and Wolfe & Wolfe,* for appellants.

*Patrick H. Sullivan,* with him *Maurice J. Coughlin, James F. McVay, William P. McVay,* and *McVay and McVay,* for appellee.

OPINION PER CURIAM, June 4, 1958:

The instant action arose upon the filing of a complaint by Grace Healey Greenan, appellee herein, seeking the dissolution and an accounting of a family partnership known as Healey Oil Co. The partnership had consisted of appellee and her brother, William Healey, the latter both as an individual and as trustee for their brother, Norman Healey. The complaint alleged that neither William Healey nor his personal representatives following his death had ever accounted for or paid over her share in gas and oil properties held by William Healey at the time of his death which appellee claimed were, in reality, partnership property.

In answer, appellants averred that the partnership had been dissolved in 1928 and an accounting made at that time. They also pleaded, as new matter: that releases of all claims of appellee against William Healey had been executed on September 28, 1934, August 5,

1935 and July 26, 1944; that the settlement of a prior suit between the same parties on the same claim rendered appellee's claim res judicata; and that recovery was barred by both the statute of limitations and laches.

Following trial the chancellor filed an adjudication consisting of seventy-three findings of fact, a discussion and thirty-seven conclusions of law, followed by a later opinion in answer to requests made by the appellants under Supreme Court Rule 43. In the course of his adjudication the chancellor made a painstaking analysis of the evidence and reached the conclusion that appellee was entitled to recovery on the grounds, inter alia: (1) that William Healey had appropriated partnership assets and income to his own use; (2) that he had engaged in self-dealing on his own account in the field of business of the partnership without the consent or knowledge of the other partners; (3) that no legal dissolution of the partnership had ever been effected; (4) that no proper accounting of partnership assets and income had ever been made; (5) that the releases executed by the appellee were ineffective because they were procured by William Healey's active fraudulent concealment of his breaches of his fiduciary obligations; (6) that independent affirmative acts of concealment upon the part of William Healey excused appellee's delay in bringing the action. The chancellor thereupon ordered the appellants "to make accounting to the [appellee] for her partnership share in the oil and gas operations in which William Healey was engaged in the Bradford field" and "to make accounting to the [appellee] for her share as remainderman in Norman Healey's partnership share in such operations."

Our examination of the extensive record in this case convinces us that the chancellor's findings and conclusions were supported by adequate evidence and based

upon inferences properly drawn. Nor do we find reversible error in the chancellor's application of the relevant legal principles to his findings and conclusions. Accordingly, the decree is affirmed on the opinion of President Judge WALTER PIERRE WELLS, specially presiding, reported in 12 Pa. D. & C. 2d 725. Costs on the appellants.